UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHAWN A. PHILLIPS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 05-0178 (RCL) |
| STEVE A. SMITH, *et al.*, | ) |
| Defendants. | ) |

MEMORANDUM OPINION

In this action brought under 42 U.S.C. § 1983, plaintiff alleges that, while confined at the District of Columbia Jail, he was denied his First Amendment right of access to the courts and his Fifth Amendment right to due process during disciplinary proceedings. He names as defendants District of Columbia Jail Warden Steve A. Smith, Law Librarian Nora Thompson, and Adjustment Board Member Sergeant Hazel Lee. Plaintiff seeks $13,000 in damages and injunctive relief. The latter claim is moot because plaintiff is no longer confined at the D.C. Jail.

Plaintiff has moved for summary judgment, which defendants have opposed, and defendants have moved to dismiss the original and supplemental complaints, which plaintiff has opposed. Based on the parties' submissions and the entire record, and for the following reasons, the Court will deny plaintiff's motion for summary judgment and grant defendant's motion to dismiss.[1]

---

[1] Because the Court relies on plaintiff's evidence, it will review defendant's Rule 12(b)(6) motion under the standards for summary judgment. *See* Fed. R. Civ. P. 12(b)(6) (conversion requirement). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corporation v. Catrett*, 477 U.S. 317 (1986).

1. Right of Access Claim

To establish a right of access claim, plaintiff must show that he was hindered in pursuing a cognizable legal claim. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (following *Bounds v. Smith*, 430 U.S. 817 (1977)); *Ali v. District of Columbia*, 278 F.3d 1, 8 (D.C. Cir. 2002). "[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). In the original and supplemental complaints, plaintiff complains about the shortcomings of the Jail's law library, including limited hours, outdated materials, untrained staff, and his inability to make copies in a timely manner. *See* Plaintiff's Affidavit in Support of Motion for Summary Judgment at 2. These deficiencies, accepted as true, do not amount to a constitutional violation where, as here, there is no allegation that plaintiff "actually lost any otherwise valid legal claim nor that he is unable to raise such a claim in any other proceeding."[2] *Ali*, 278 F.3d at 8. Accordingly, "this claim is insufficient to give rise to Article III standing," *id.*, and therefore must be dismissed.

2. Due Process Claim

Plaintiff alleges that on November 4, 2004, he was found guilty of a disciplinary infraction (threatening conduct) and sentenced to seven days segregation and 30 days' lost privileges. When he requested a "written statement of the factfinders as to the evidence relied on and reasons for the disciplinary action," Sgt. Lee told him "that the D.C. Jail do[es] not give you a copy of that." Complaint at 1-2. Plaintiff claims that this violated his due process rights under *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974), which requires that a prisoner

---

[2] In his opposition to defendants' motion to dismiss [Dkt. # 20], plaintiff states that "he had to take a guilty plea because [he] could not get all the case law that he need[ed] from the law library only going to times out a month." Affidavit of Opposition to Defendants' Motion to Dismiss Plaintiff's Motion for Summary Judgment at 2. Plaintiff's recourse for challenging his guilty plea lies exclusively in the sentencing court. He does not allege that he pursued this remedy or lost a claim on collateral review of the sentence.

facing disciplinary segregation or the loss of good-time credit be provided with advance written notice of the charges, a written statement of findings of fact, and the opportunity to call witnesses and to present documentary evidence as long as it does not interfere with institutional safety and correctional goals.

The due process clause is triggered when the government deprives an individual of life, property or liberty. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 459-60 (1989). A prisoner "d[oes] not have a liberty interest in avoiding [] placement in administrative segregation." *Neal v. District of Columbia*, 131 F.3d 172, 174 (D.C. Cir. 1997), *cert. denied* 119 S.Ct. 46 (1998). In *Sandin v. Conner*, the Supreme Court held that disciplinary segregation in prison implicates a liberty interest protected by the due process clause only if the confinement "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. 472, 484 (1995). The Court of Appeals for this Circuit, in interpreting *Sandin*, stated: "a deprivation in prison implicates a liberty interest protected by the Due Process Clause only when it imposes an 'atypical and significant hardship' on an inmate in relation to the most restrictive confinement conditions that prison officials, exercising their administrative authority to ensure institutional safety and good order, routinely impose on inmates serving similar sentences." *Hatch v. District of Columbia*, 184 F.3d 846, 856 (D.C. Cir. 1999) (citation omitted). *See accord Franklin v. District of Columbia*, 163 F.3d 625, 631, 634-35 (D.C. Cir. 1998) (unless a prisoner is subjected to "extraordinary" treatment, "day-to-day" judgments about placement, housing and classification are "ordinary consequence[s] of confinement for committing a crime").

The complaint does not support the deprivation of a liberty interest inasmuch as plaintiff was confined to segregation for just seven days without any suggestion that the conditions were atypical or unduly harsh. Even if a liberty interest was at stake, however, plaintiff does not allege that he was not afforded minimal due process, *i.e.*, notice of the

charges and the opportunity to be heard. *See Brown v. Plaut*, 131 F.3d 163, 171 (D.C. Cir. 1997), *cert. denied*, 118 S.Ct. 2346 (1998) (applying due process requirements set forth in *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 874, 74 L.Ed.2d 675 (1983)).  To the contrary, plaintiff attaches the Disciplinary Report dated November 4, 2004, to the complaint and the summary judgment motion.  He admits that he "was convicted of that report after the board held a hearing at which no shred of evidence of guilty was presented."  Motion for Summary Judgment at 6.  Plaintiff complains only that he did not receive a written report of the findings.[3]  In response to his administrative appeal, however, Warden Smith explained that "the Adjustment Board adjudicated your Disciplinary Report and found you guilty based on the evidence Correctional Staff presented and the disciplinary report, also the Adjustment Board gave you affordable time to get attorney, which was schedule[d] 11-10-04."  *Id.*, Attachment 1.

In *Wolff,* the Court reasoned that "[w]ritten records of proceedings will [] protect the inmate against collateral consequences based on a misunderstanding of the nature of the original proceeding."  *Wolff*, 418 U.S. at 565.  The documentation plaintiff has produced is sufficient under this rationale.  "To satisfy the constitutional minima [under *Wolff*] the board need not repeat in a written opinion the evidence set out in an officer's charge or investigative report . . . ."  *Crosby-Bey v. District of Columbia*, 786 F.2d 1182, 1185 (D.C. Cir. 1986).  Where, as here, "the prison's procedures closely approximate the *Wolff* requirements and [plaintiff's] interests are of significantly less magnitude than those at stake in *Wolff* . . . the due process balance tips in the District of Columbia's favor."  *Id*.  Plaintiff's claim based solely on the fact that he was denied a written report of the findings does not establish a due process violation.  Defendant's motion to dismiss this claim therefore is granted.

---

[3] Plaintiff does not allege that he was injured by the lack of a written report of the findings.  He therefore has not stated a claim for damages.

For the preceding reasons, the Court grants defendants' motion to dismiss the complaint and denies plaintiff's motion for summary judgment. A separate Order accompanies this Memorandum Opinion.

                                                  _____s/_____
                                                  Royce C. Lamberth
                                                  United States District Judge

Date: February 24, 2006